Robertson, J.
This is a motion for an attachment against the defendant for not answering certain questions put to him *680 upon an examination before a referee, and not producing certain books.
■ The complaint alleges that the plaintiff has been for several years engaged in preparing and vending a commodity designated in the. market as “ Byass’ London Porter,” put up in glass bottles, upon which labels are affixed by the plaintiff as a trade mark, containing various devices, and also a fac simile of the plaintiff’s signature; that he has acquired a great reputation for such porter; that the defendant lias been engaged in putting up American porter in bottles similar to the plaintiff’s, upon which he put labels similar to the plaintiff’s, and also in selling porter; imitating the plaintiff’s bottles, casks and trade mark, with the intention of injuring the plaintiff. The demand for relief in the complaint is for an order restraining the defendant, among other things, from selling any imitation of the plaintiff’s porter.
The answer denies any. knowledge by the defendant that he eyer Ipnew such label to be the. property of. the plaintiff', or that he ever had any intention of injuring or defrauding him. .
The issues joined in this action were brought to trial, and the defendant was called as a witness for the plaintiff, on such trial. He then testified that he had sold porter bottled by him with a label resembling the plaintiff’s, but never sold it for genuine Byass’ porter; and the defendant’s counsel proved by one of the plaintiff’s witnesses that the plaintiff was not a manufacturer of the porter bottled and sold by him.
After such trial the Court ordered a reference to a referee, to report the amount of damages, if any, sustained by the plaintiff by reason of the defendant’s use of the plaintiff’s trade mark: in the proceedings, upon such reference, the defendant was askecj five questions by the plaintiff’s counsel, which were as follows:
1. When did you first begin to bottle and sell American porter put up and labeled as the plaintiff’s porter?
2. Have you sold porter at any time put up and labeled like the plaintiff’s, as and for an imitation of the plaintiff’s porter?
3. Have you, within the last five or six years, copied any such bill in any book or books ?
4. Have you ever copied any bill of Byass’ imitation porter sold by you, into any book ?
*681 5. When you sold Byass’ imitation porter, were you accustomed to make out bills in the form of exhibit Uo. 2 ?
This exhibit was a bill for porter called “ Im’t Byass’ Porter.” The witness refused to answer such questions, and the objection now taken is, that the answers would tend to criminate the witness. The offense which it is claimed such answers would tend to prove, is that prohibited by an act passed in 1850. (Sess. L. 1850, eh. 123, § 3.) This statute declares that any person who shall vend any goods, &c., having thereon any counterfeited labels purporting to be those of any mechanic or manufacturer, knowing the same to be counterfeited, and purporting to be imitations of such labels, without disclosing the fact to the purchaser, shall be guilty of a misdemeanor. To this it is answered, that the answers given by the witness would not tend to prove any of the facts necessary to make out such offense; that the plaintiff is not a manufacturer or mechanic, within the meaning of the act; that other testimony in the case shows he was innocent of any such offense, and that he waived his privilege by having answered some questions relative to the same facts upon the trial. There are three essential ingredients in the offense, to wit: First, the selling the goods with the simulated marks on them; second, the knowledge .of their character; and the third, withholding such knowledge from such purchasers. Whatever tends to prove any one of these, the witness had a right to refuse to disclose. I do not understand that in the privilege of a witness to refuse to answer, because his answer would criminate himself, is embraced any right, on his part, to determine the question of the tendency pf his testimony, but that he pleads that his answer may be such as to criminate him, if any answer to the question put would do so. The Court is to determine, as a question of law, whether the question, if answered in any form, would form a link in the chain of evidence; the oath of the witness, therefore, is unnecessary to the fact that his answer must criminate him; by such an oath he would either swear to a conclusion of law, or admit impliedly the very fact he was endeavoring to conceal. Of course the answers in these cases would tend to prove the first ingredient of the offense, to wit: the selling of the goods; and whatever may be the evidence, in this case, of the absence of other ingredients, or even of a complete defense to the charge, that *682 evidence might not be produced, or defense made out on a criminal charge. I do not think that the defendant, by not claiming ' his" privilege in other proceedings in the cause, waived it, in the proceedings before the Referee, because such evidence could not affect the referee’s judgment, unless introduced as an admission. Every admission in a cause may have its explanation and excuse, and the defendant could not be called on to answer questions tending to convict him, even if already convicted. The only remaining question is, whether the plaintiff comes within the description of persons mentioned in the act, against whose interests the offense may be committed. There are two classes mentioned—mechanics and manufacturers—and perhaps the question whether the plaintiff is either, is not to be determined by what appears in this action; the plaintiff may be the manufacturer of the porter sold, upon the bottles containing which the false labels may be pasted.
He has alleged in the complaint that he prepared the porter he sold, and the word “ manufacturer ” can hardly be intended to be limited to those who actually produced the raw material sold, but must extend to those who put it in a vendible shape and sell it in that shape, using labels to designate by whom it was so prepared and sold. I, therefore, am of opinion the defendant might bring himself, by his answer, within the peril of the statute.
The witness, was therefore, justified in refusing to answer the first and second of the above questions; the third, standing by itself, is unintelligible; the fourth and fifth present more difficulty, as they only refer to the article sold, not to the labels; but as there is no evidence of any other imitation but in the labels, they must be considered as tending to the same result, and as equally inadmissible.
The plaintiff had a right to the production of the books, but there is no evidence before me of a refusal to produce them. I am satisfied with the views of Justice Bonnet of the Supreme Court, on a similar motion in an action by the present plaintiff, on that point.
The motion for an attachment, therefore, must be refused, without costs.